UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **WILLIAM C. RICHARDSON**<br>      **LA. DOC #113025**<br>**VS.** | **CIVIL ACTION NO. 5:12-cv-2541**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner William C. Richardson, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* on September 21, 2012. Petitioner attacks his 1997 conviction for second degree murder and the life sentence imposed by the First Judicial District Court, Caddo Parish, under that court's docket number 168,960.[1]

Petitioner unsuccessfully attacked that same conviction in a petition for *habeas corpus* filed in this Court on August 22, 2002. That petition raised numerous claims.[2] It was considered

---

[1] He claims that (1) he was denied the right to counsel on appeal; (2) he was denied the right to conflict free counsel at trial and thereafter; (3) the State withheld favorable evidence; (4) that the court erred when it failed to quash the grand jury indictment; (5) the trial court erred when it refused recusal; and, (6) the trial court erred in failing to provide grand jury transcripts. [Doc. 1]

[2] He argued – (1) sufficiency of the evidence; (2) failure to grant a mistrial; (3) denial of challenges for cause during voir dire; (4) denied the right to counsel; (5) erroneous admission of evidence; (6) failure to rule on numerous pro se motions prior to trial; (7) denial of several pro se motions; (8) incomplete record for appellate review; (9) improper closing argument; (10) improper jury instructions; (11) denial of right to subpoena grand jurors; (12) improper jury selection procedures; (13) jurors' impartiality compromised; (14) conflict of interest with respect to post-trial motions; (15) ineffective assistance of counsel; and, (16) denial of remand. *See William C. Richardson v. Warden, L.S.P.*, Civil Action No. 5:02-cv-1818 at Doc. 1.

on the merits and dismissed with prejudice by United States District Judge Donald E. Walter on March 8, 2006. *See William C. Richardson v. Warden, L.S.P.* at Docs. 23 (Report and Recommendation) and 27 (Judgment). Petitioner's application for a Certificate of Appealability (COA) was thereafter denied by the United States Fifth Circuit Court of Appeals on March 19, 2007.  *Richardson v. Warden*, No. 06-30393.

Pending before the United States Fifth Circuit Court of Appeals is petitioner's *pro se* application to file a second and successive *habeas corpus* petition. *See In re: William Richardson*, No. 12-31224.

*Law and Analysis*

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998).  However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.*  The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Petitioner's first *habeas corpus* was, as shown above, dismissed with prejudice; and his request for a COA was denied by the Fifth Circuit Court of Appeals. The instant petition, which attacks the same conviction and sentence is petitioner's second attempt to collaterally attack his

Louisiana conviction in federal court. As petitioner is aware, given the proceedings pending in the Fifth Circuit, before a *habeas* petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). A review of the Fifth Circuit's PACER case index reveals that petitioner has applied for but not yet received authorization to file a successive petition. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be deemed successive and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, January 25, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE